UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **WOODROW RUCKS** | **CIVIL ACTION NO. 07-1191** |
| **VS.** | **SECTION P** |
| **BURL CAIN, WARDEN** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Pro se petitioner Woodrow Rucks filed the instant petition for writ of *habeas corpus* on July 18, 2007. On August 14, 2007, the undersigned completed the first stage of an initial review and directed Rucks to amend his complaint to demonstrate that federal *habeas* review of his claims was not barred by the exhaustion or procedural default doctrines. Petitioner was directed to amend his petition within 60 days of the date the order was issued. [doc. 5] Thus, petitioner's deadline for compliance was October 13, 2007. Petitioner has not complied with the August 14 Memorandum Order.

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v.*

*Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).  Petitioner has not complied with the order of August 14, 2007; nor has he requested additional time within which to comply.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 29th day of October, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE