# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

WOODROW RUCKS                              CIVIL ACTION NO. 07-1191

VS.

BURL CAIN, WARDEN                          JUDGE ROBERT G. JAMES

                                           MAG. JUDGE KAREN L. HAYES

### RULING

Before the Court is the Magistrate Judge's Report and Recommendation recommending that Petitioner Woodrow Rucks's ("Rucks's") petition for <u>habeas corpus</u> be dismissed for failure to prosecute.

Because Rucks's conduct in this case does not justify a <u>sua sponte</u> dismissal for failure to prosecute, the Court declines to adopt the Report and Recommendation.

## I.    Facts and Procedural History

On July 18, 2007, Rucks filed his <u>habeas</u> petition in this Court raising four issues.  On August 14, 2007, the Magistrate Judge issued a Memorandum Order ("August 14 Order") noting that there was insufficient evidence to establish whether Rucks had exhausted state remedies prior to filing his petition.  Also, the Magistrate Judge noted that some of Rucks's claims were probably procedurally defaulted as well.  The Magistrate Judge then gave Rucks sixty days to come forward with evidence demonstrating that his claims were exhausted and not procedurally defaulted.  For example, Rucks was ordered to present "[f]acts and argument (including citations to the record) demonstrating that [his] federal <u>habeas</u> <u>corpus</u> claims were 'fairly presented' and thus fully exhausted in the courts of Louisiana . . . ." [Doc. No. 5 at 9] (footnote omitted).

Two weeks after Rucks's response was due, the Magistrate Judge <u>sua</u> <u>sponte</u> recommended that Rucks's petition be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute.  Rucks timely filed objections to the Magistrate Judge's Report and Recommendation.  <u>See</u> [Doc. No. 5] (stating "Objections to R&R due by 11/16/2007"); [Doc. No. 7 at 5, 9] (Rucks's objections delivered to the Institutional Legal Mail System on November 7, 2007 and metered by the post office on November 13, 2007).

In his objections, Rucks did not dispute that he failed to timely respond to the August 14 Order, and he offered no explanation for his failure.  Instead, Rucks attempted to answer the August 14 Order by arguing that his claims were exhausted and, therefore, this Court should consider the merits of his <u>habeas</u> petition.[1]

## II.    Law and Analysis

If the Court were to adopt the Magistrate Judge's Report and Recommendation, Rucks would be prejudiced.  Although the Court could dismiss Ruck's claims without prejudice, the dismissal may trigger the requirements for filing a successive <u>habeas</u> petition imposed by the AEDPA.  <u>See</u> 28 U.S.C. § 2244(b)(3)(A) (West 2007).  Rucks would then be required to obtain

---

[1]    In his objections, Rucks does persuasively argue that at least some of his claims might be exhausted.  For example, the Magistrate Judge noted that Rucks's first claim was probably unexhausted because he did not timely present the claim to the Louisiana Supreme Court.  Rucks, however, argues that the Magistrate Judge wrongly assumed that his petition to the Louisiana Supreme Court was filed on December 3, 2005, the day it was metered by the post office. [Doc. No. 3-1 at 32].  In fact, Rucks's petition should be deemed filed on November 22, 2005, the day he delivered the petition to prison authorities for mailing.  <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988) (prisoner litigants proceeding <u>pro</u> <u>se</u> are deemed to have filed their pleadings on the date that they are handed to prison authorities for mailing); <u>Causey v.Cain</u>, 450 F.3d 601 (5th Cir. 2006) (holding that the <u>Houston</u> "prison mailbox rule" determines when a prisoner filed his writ application to the Louisiana Supreme Court); <u>see</u> <u>also</u> [Doc. No. 7, Exh. A] (indicating Rucks delivered his petition to prison authorities on November 22, 2005).  Therefore, Rucks timely presented his first claim to the Louisiana Supreme Court.

permission from the 5th Circuit Court of Appeals before re-filing.  In effect, the Court's dismissal would operate as a dismissal with prejudice, despite this Court's characterization to the contrary.  See Neil v. Johnson, 212 F.3d 595, 2000 WL 423373, No. 99-21156, *1 (5th Cir. 2000) (unpublished) (district court's dismissal of habeas petition without prejudice was "treat[ed] as though it had been with prejudice" because dismissal could trigger the requirements for filing a successive habeas petition).[2]

The Fifth Circuit has reminded the district courts that a Rule 41(b) dismissal with prejudice is a severe sanction, to be used only when the plaintiff's conduct "has threatened the integrity of the judicial process."  Rogers v. Kroger Co., 669 F.2d 317, 321 (5th Cir. 1982).  A district court should refrain from issuing such a dismissal unless the record evidences (1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the interests of justice.  McNeal v. Papason, 842 F.2d 787, 790 (5th Cir. 1988).  A dismissal is usually warranted only if the delay is intentional or longer than a few months and characterized by "significant periods of inactivity."  See McNeal, 842 F.2d at 791 (internal quotation marks omitted); see also Burden, 644 F.2d 503, 505 (5th Cir. 1981) (finding an abuse of discretion for district court to dismiss where the plaintiff's failure to comply with the court order was merely negligent and not intentional).

In this case, the Magistrate Judge recommended dismissing the case only two weeks after Rucks's response was due.  Rucks then timely objected to the Report and Recommendation and responded to the August 14 order.  At most, Rucks was a few weeks late in responding to the

---

[2] As an unpublished case, Neil is not precedent, but it is persuasive.  See 5th Cir. R. 47.5.4.

3

August 14 order, and there is no evidence that Rucks's delay was intentional.  In sum, a pro se

prisoner's unintentional and brief delay in responding to a court order does not warrant the

extreme sanction of a sua sponte dismissal.

Based on the Court's review, it appears that Rucks's conduct does not warrant dismissal

under 41(b).  Accordingly, the Court DECLINES TO ADOPT the Report and Recommendation

of the Magistrate Judge and REMANDS this matter to her for further proceedings consistent with

this Ruling.

MONROE, LOUISIANA, this 19 day of December, 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE