IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| WOODROW RUCKS | * | CIVIL  NO. 07-1191 |
| | * | SECTION P |
| VERSUS | | |
| | * | JUDGE JAMES |
| BURL CAIN, WARDEN | * | MAGISTRATE JUDGE HAYES |

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is an

opposed petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. #1) filed by petitioner

Woodrow Rucks.  Rucks is serving a life sentence as an inmate in the custody of Louisiana's

Department of Public Safety and Corrections.  For reasons stated below, it is recommended that

his petition be **DENIED and DISMISSED with prejudice.**

BACKGROUND

In December 2003, Rucks shot Chris Brown in the upper left side of his chest with a

handgun.  Tr. p. 275.  Brown survived the wound.  *Id.*  Rucks was charged by a bill of

information with attempted second degree murder.  Tr. p. 473.  A jury convicted Rucks of the

charge in July 2004.  *Id.*  After he was originally sentenced to serve 40 years at hard labor, Rucks

was adjudicated a third felony offender under Louisiana's habitual offender statute (LA. REV.

STAT. ANN. § 15:529.1), and sentenced to life imprisonment on September 23, 2004.  (Docs. #1-

3, p. 8; #3-1, p. 37).

Rucks appealed his conviction to the Louisiana Second Circuit Court of Appeal.  His

court-appointed appellate counsel argued a single assignment of error: Insufficient evidence to

support the attempted second degree murder conviction.  Tr. p. 454.  Rucks filed a supplemental

*pro se* brief in which he argued two additional assignments of error relevant to these proceedings:

(1) ineffective assistance of counsel for failure to object to a sentence that was sufficiently

excessive to violate Louisiana's Constitution; and, (2) insufficient evidence to support Rucks'

habitual offender adjudication.  (Doc. #3-1).  The Second Circuit Court of Appeal affirmed

Rucks' conviction, adjudication, and sentence in October 2005.  Tr. p. 472-88.

Rucks raised the same claims in his *pro se* writ application to the Louisiana Supreme

Court.  Tr. p. 489-519.  The Court denied the application in September 2006.  Tr. p. 538.

Rucks filed an application for post-conviction relief in Louisiana state court on May 16,

2006.  Tr. p. 539-76.  In the application, Rucks raised two issues: (1) that the trial court erred in

its application of LA. CODE CRIM. PROC. ANN. art. 793; and (2) that the jury instruction on

specific intent was improper.  *Id.*  The Fourth Judicial District Court denied the application on

May 30, 2006.  Tr. p. 578.

Rucks raised the same two claims in his writ application in the Second Circuit Court of

Appeal, which he filed on June 23, 2006.  Tr. p. 579-655.  On July 10, 2006, the Court of Appeal

dismissed the application without prejudice due to Rucks' failure to provide a copy of the

transcript with his application.  Tr. p. 656.  Rucks did not resubmit the writ application in the

procedurally correct matter, instead opting to raise the same claims in a writ application to the

Louisiana Supreme Court.  Tr. p. 657-85.  The Court denied Rucks' application without

comment on May 11, 2007.  Tr. p. 689.

Rucks filed his federal petition for writ of *habeas corpus* on July 18, 2007.  (Doc. #1).  In

the petition, Rucks raises four claims, all of which were raised (in some form) previously: (1)

Insufficient evidence at trial to support the attempted second degree murder conviction; (2)

Violation of LA. CODE CRIM. PROC. ANN. art. 793;[1] (3) Improper jury instruction on specific

intent; and, (4) Insufficient evidence to establish prior felony convictions in support of habitual

offender adjudication.  (Doc. #1-2).

## LAW AND ANALYSIS

### I.        Procedural Bar

### A.        Exhaustion

As a threshold matter, this court must decide if Rucks has exhausted his state court

remedies as required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

*Conner v. Quarterman*, 477 F.3d 287, 291 (5th Cir. 2007).  AEDPA dictates that "an application

for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State

court shall not be granted unless it appears that . . . the applicant has exhausted the remedies

available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  "The requirements of the

exhaustion concept are simple: An applicant must fairly apprise the highest court of his state of

the federal rights which were allegedly violated."  *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir.

1993) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)).  This appeal must give the court "a

---

[1] LA. CODE CRIM. PROC. ANN. art. 793, in pertinent part, reads:

Use of evidence in jury room; reading of recorded testimony; jurors' notes

A. Except as provided in Paragraph B of this Article, a juror must rely upon his memory
in reaching a verdict.  He shall not be permitted to refer to notes or to have access to any
written evidence.  Testimony shall not be repeated to the jury.  Upon the request of a juror
and in the discretion of the court, the jury may take with it or have sent to it any object or
document received in evidence when a physical examination thereof is required to enable
the jury to arrive at a verdict.

fair opportunity to apply the controlling federal constitutional principles to the same factual allegations." *Smith v. Quarterman*, 515 F.3d 392, 402 (5th Cir. 2008).  As a result, Rucks had to have presented the claim to the Louisiana Supreme Court in a procedurally correct manner. *Deters*, 985 F.2d at 795.

### B.      Federal Claim Requirement

"[T]he federal courts shall entertain an application for a writ of habeas corpus 'in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.' " *Wainwright v. Sykes*, 433 U.S. 72, 77 (1977) (quoting § 2254(a)).  Thus, "it is a well-established principle of federalism that a state decision resting on an adequate foundation of state substantive law is immune from review in the federal courts." *Id.* at 81.

### C.      Rucks' First Claim

Rucks' claim regarding the sufficiency of evidence at trial is not procedurally barred.[2] Rucks presented this claim in a procedurally correct manner on direct appeal to both the Louisiana Court of Appeals (Tr. p. 454) and the Louisiana Supreme Court (Tr. p. 496). Moreover, Rucks' claim - despite the respondents' arguments to the contrary - does present an issue of federal law. *Jackson v. Virginia*, 443 U.S. 307, 321 (1979) ("it is clear that a state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt has stated a federal constitutional claim."); *see also* Tr. p. 475 (following *Jackson*).

---

[2] Initially, in August 2007, the undersigned indicated that this claim was potentially procedurally barred due to Rucks' failure to comply with Louisiana Supreme Court Rule X, § 5(a), which sets a deadline for the submission of writ applications.  (Doc. #5).  Rucks has since provided proof that he submitted the application before the deadline elapsed.  (Doc. #7).

### D.      Rucks' Second and Third Claims

Rucks' second and third claims are procedurally barred due to Rucks' failure to fairly

present them to the Louisiana Supreme Court.  Although Rucks did not raise either claim in his

direct appeal, he raised both in his state court habeas petition.  Tr. p. 551.  After that petition was

denied by the state district court, Rucks raised the claims in his writ application in the Second

Circuit Court of Appeal.  Tr. p. 582-83.  The Second Circuit Court of Appeal dismissed his

request for review without prejudice due to Rucks's failure to submit the trial transcript.  Tr. p.

656.  Thus, the court never considered the merits of Rucks' claims.  Instead of resubmitting the

petition along with a copy of the transcript, however, Rucks bypassed the Court of Appeal

altogether, and filed a writ application with the Louisiana Supreme Court.  Tr. p. 657.  The

Louisiana Supreme Court denied the writ application without comment.  Tr. p. 689.  As neither

the Court of Appeals nor the Supreme Court was presented with Rucks's second and third claims

in a procedurally correct manner, the claims are procedurally defaulted.  Rucks does not contest

this fact; instead, he argues that the procedural default should be excused.  (Doc. #7, p.4).

Courts will apply "an equitable exception to the bar on federal review of procedurally

defaulted claims where a petitioner can demonstrate 'cause for the default and actual prejudice as

a result of the alleged violation of federal law.' " *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir.

2005) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).  "Because the cause and

prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the

Supreme Court also has recognized a narrow exception for 'actual innocence.' " *Id.* at 481.

Rucks contends that he can demonstrate cause for his procedural default.  " 'Cause'

requires a showing that an external force prevented the petitioner from complying with the state's

procedural rules." *Holland v. Anderson*, 230 F. App'x 374, 379 (5th Cir. 2007).  Rucks bears the

burden to show cause.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986) ("the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule").

Rucks contends that the state created an impediment by denying his "many request (sic) for trial transcripts." (Doc. #7, p.4).  As this contention contradicts all of the evidence in the record, the undersigned rejects it as factually inaccurate.  A year before the Second Circuit Court of Appeal dismissed Rucks' writ application without prejudice, it had ordered that Rucks be provided with a copy of the appellate record.  Tr. p. 690.  By the time of that order, the transcript had already been transcribed.  *See* Tr. p. 353.  Furthermore, there is substantial evidence that Rucks received the transcript.  First, in the time following the Court of Appeal's order, Rucks filed no objection or further requests contending that he did not receive the transcript.  Second, in his *pro se* supplement to his direct appeal, Rucks cited to the transcript.  (Doc. #3-1).  Then, in his post-conviction brief in state court, Rucks again cited to the transcript.  *E.g.* Tr. p. 556. Consequently, this court must reject Rucks' allegation of a state created impediment, instead concluding that Rucks cannot demonstrate cause for his procedural default.  Since Rucks does not assert that he is actually innocent, the procedural default is fatal for his second and third claims.[3]

---

[3] Neither claim would succeed if considered on the merits.  Rucks' second claim alleges that the trial court improperly allowed the jury to access a copy of his confession after they had begun deliberating.  (Doc. #18, p.6).  This contention is refuted by the transcript of the proceedings.  *See* Tr. p. 307-09 (the court and the attorneys discussed the issue and agreed that the jurors could review the transcript in the deliberation room *before* deliberating, but were to be specifically instructed not to discuss the content at that time.).

Rucks' third claim alleges an improper jury instruction regarding specific intent.  Rucks alleges that the court improperly relieved the state of its burden of proof by instructing the jury on "great bodily harm" (Doc. #1-2, p.15).  A review of the jury instructions, which are in the

### E.      Rucks' Fourth Claim

Finally, Rucks claims that  he "is being subjected to unusually cruel excessive punishment in violation of the United States Constitution Eight (sic) Amendment . . . by erroneously sentencing [him] as a habitual offender . . ." (Doc. #1-2, p.17).  This claim is also procedurally barred.  Rucks raised a version of this claim in the *pro se* supplement to his direct appeal and in his subsequent writ application to the Louisiana Supreme Court.  (Doc. #3-1); Tr. p. 489-519.  However, Rucks only alleged violations of Louisiana law in those documents, *id.*, and the Second Circuit Court of Appeals rejected the claim on state law grounds.  Tr. p. 481-88. Since the court's decision rested on state substantive law only, it cannot be reviewed by this court. *Wainwright*, 433 U.S. at 81.  In his federal habeas petition, Rucks frames the issue as one of federal constitutional law.  Since he did not present the state courts with the federal law issue, however, he is procedurally barred from raising it now.  *Smith*, 515 F.3d at 402.

### II.      The Legal Sufficiency of the Evidence Supporting Rucks' Conviction

Hence, this court must consider the merits of Rucks' first claim only.  Rucks contends that the evidence at trial was insufficient to support the jury's verdict convicting him of attempted second degree murder.  "In considering challenges to the sufficiency of evidence in habeas proceedings, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *Santellan v. Cockrell*, 271 F.3d 190, 193

---

record, reveals that these allegations are meritless.  *See e.g.* Tr. p. 89-90 (discussing the presumption of innocence and the fact that the burden is on the state); p.91 (stating that there is no burden on the defendant); p.93 (listing the elements of the offense and discussing "specific intent to kill."); p.96 ( "In order to find the Defendant guilty of Attempted Second Degree Murder or Attempted Manslaughter you must find beyond a reasonable doubt that the Defendant had the specific intent to kill the alleged victim."); p. 97 ("you must remember that the burden of proving the guilt of the accused is on the State throughout the trial.").

(5th Cir. 2001) (quoting *Jackson*, 443 U.S. at 319).  The *Jackson* inquiry "does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit."  *Herrera v. Collins*, 506 U.S. 390, 402 (1993).

Since the heightened standards of the AEDPA apply, relief cannot be granted unless the challenged state court proceeding resulted in: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1); or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2).  "[T]he 'unreasonable application' inquiry asks whether a state court's application of clearly established law was 'objectively unreasonable.' "  *Santellan*, 271 F.3d at 192 (citing *Williams v. Taylor*, 529 U.S. 362, 409 (2000)).

The Supreme Court's holding in *Jackson* constitutes clearly established law for the purposes of a habeas review of a challenge to the sufficiency of evidence.  *Williams v. Puckett*, 283 F.3d 272, 277 (5th Cir. 2002).  Since, in this case, the Louisiana Second Circuit Court of Appeals invoked and applied the *Jackson* standard, Tr. p. 474-77, its decision was not "contrary to clearly established Federal law."  *Santellan*, 271 F.3d at 193.  Consequently, the only question presented is whether that court unreasonably applied *Jackson*.  *Id.*  To answer that question, this court focuses on the "elements of the offense and the facts and inferences supporting the [jury's] verdict."  *Id.* at 194.

In Louisiana, second degree murder is the killing of a human being "[w]hen the offender has a specific intent to kill or to inflict great bodily harm."  LA. R. S. art. 14:30.1.  To establish attempt, the State had to prove that Rucks, with "a specific intent to commit [the] crime, [did or omitted] an act for the purpose of and tending directly toward the accomplishing of his object."

LA. REV. STAT. ANN. § 14:27(A).  Specific intent "is the state of mind which exists when the

circumstances indicate that the offender actively desire the prescribed criminal consequences to

follow his act or failure to act."  LA. REV. STAT. ANN. § 14:10(1).

Substantial evidence was presented at trial establishing that Rucks specifically intended to

kill Brown.  Shaketa Dade testified that Rucks repeatedly told her that he was going to kill

Brown.  Tr. p. 131. According to Dade, a bloodied Brown later collapsed at her residence,

contemporaneously telling her that Rucks had shot him.  Tr. p. 135-36.  Benjamin Baw, a

detective with the Monroe Police Department, testified that Rucks confessed to shooting Brown,

Tr. p. 211, 228, and told Baw he had intended to kill Brown.[4]  Tr. p. 236.  Brown testified that

Rucks shot him, from a distance of three feet, in the upper left chest with a nine-millimeter

handgun.  Tr. p. 252-54, 275.  This evidence, all of which was admitted at trial, provided an

adequate basis for a rational trier of fact to find beyond a reasonable doubt that Rucks acted with

the specific intent to kill Brown when he shot him in the chest.  Consequently, the Second Circuit

Court of Appeal did not unreasonably apply *Jackson* and Rucks' petition must be denied.

### III.    Conclusion

For the reasons stated above, it is recommended that Rucks' petition for writ of habeas

corpus (Doc. #1) under 28 U.S.C. § 2254 be **DENIED and DISMISSED with prejudice**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10)**

**business days** from service of this Report and Recommendation to file specific, written

objections with the Clerk of Court.  A party may respond to another party's objections within **ten**

**(10) business days** after being served with a copy thereof.  A courtesy copy of any objection or

---

[4] In the same interview with the police, however, Rucks denied that he had intended to
kill Brown.  *E.g.* Tr. p. 237-38.

response or request for extension of time shall be furnished to the District Judge at the time of

filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 14th day of April, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

10