RECEIVED
IN MONROE, LA
JUN 03 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **WOODROW RUCKS** | * | **CIVIL NO. 07-1191** |
| **VERSUS** | * | **JUDGE JAMES** |
| **BURL CAIN, WARDEN** | * | **MAGISTRATE JUDGE HAYES** |

## RULING

Pending before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. No. 1] filed by Woodrow Rucks ("Rucks"). On April 14, 2008, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 19], recommending that the Court deny and dismiss Rucks's petition.

On April 30, 2008, the Court received Rucks's objections to the Report and Recommendation.

Having considered the Report and Recommendation of the Magistrate Judge, together with the written objections thereto filed with this Court, and, after a *de novo* review of the record, finding that the Magistrate Judge's Report and Recommendation is correct. The Court ADOPTS the recommendations of the Magistrate Judge. The Court issues this Ruling to address one objection raised by Rucks.

In his Objections, Rucks contends that he did not have access to the transcript of the state court proceedings, but referred only to the transcript portions "cited in his appellate brief by his appellate attorney." [Doc. No. 20, p. 3]. The Court has reviewed the appellate brief prepared by attorney Carey Ellis and compared it to Rucks's pro se filings. First, it appears that Rucks's statement is factually incorrect. For example, in his supplemental appellate brief, Rucks cited to

1

certain testimony by a witness, Shaketa Dade, which was not cited by appellate counsel. Cf. May 10, 2005, Brief to the Second Circuit Court of Appeals, p. 4; Rucks's undated Supplemental Appellate Brief to the Second Circuit Court of Appeals, p. 6 [Doc. No. 3, Exh. 1]; Rucks's Writ Application to the Louisiana Supreme Court, pp. 2-3 [Doc. No. 3, Exh. 2].

Further, even if Rucks did not have a copy of the transcript, the Court finds that he has failed to show a state-created impediment to his compliance with the state procedural rule. If he had not received the transcript when his case was dismissed by the Second Circuit, he could have notified that court, which had ordered that he be provided the transcript. However, as the Magistrate Judge correctly states, Rucks failed to notify the Second Circuit or the Louisiana Supreme Court in his filings that the transcript had not been provided. See McCowin v. Scott, 67 F.3d 100, 102 (5th Cir. 1995) ("[A] prisoner's lack of access to a transcript cannot constitute cause . . . unless the prisoner shows that the state refused his request for a transcript or that such a request would have been useless because the state routinely denies transcripts to prisoners."). Rucks was clearly aware of his legal claims; therefore, he could have filed his writ application before the deadline and moved to supplement the record with the transcript. Glover v. Cain, 128 F.3d 900, 903-04 (5th Cir. 1997). He did not do this either. Thus, Rucks cannot demonstrate cause for his procedural default.

Finally, the Court also agrees with the Magistrate Judge that Rucks would not succeed on the merits.

MONROE, LOUISIANA, this 2 day of June, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE